UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZYERERI JACKSON, individually and on behalf of all similarly situated individuals, | Hon. Virginia M. Kendall |
| | Court File No. 1:24-cv-01442 |
| Plaintiff, | |
| v. | |
| SUPER EGO HOLDING LLC, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| Defendant. | |

By and through the undersigned counsel, Plaintiff Zyereri Jackson brings this Class Action Complaint against Defendant Super Ego Holding LLC (Super Ego). On her personal knowledge, and on further investigation and the information and belief of her counsel, Plaintiff states and alleges the following.

## INTRODUCTION

1. This case concerns Super Ego's violations of the Telephone Consumer Protection Act (TCPA) and its regulations by sending two or more text messages to members of the Do Not Call Registry without their consent in a 12-month period; and by failing to maintain an internal do-not-call list reflecting residential telephone subscribers' revocation of consent to telemarketing solicitations.

2. Plaintiff is a member of the Do Not Call Registry.

3. Plaintiff has never consented to text messages from Super Ego. When Super Ego sent her text messages, Plaintiff did not welcome them and expressly and repeatedly withheld her consent. By continuing to send unwelcome text messages to Plaintiff after she withheld consent, Super Ego violated the TCPA and its regulations.

4. Plaintiff accordingly brings this TCPA action individually, and on behalf of all those similarly situated, to seek redress for Super Ego's wrongful conduct.

## PARTIES

5. Plaintiff Zyereri Jackson is a natural person residing in Lawrenceville, Georgia.

6. Defendant Super Ego Holding LLC is an Illinois limited liability company with its principal place of business in Elmhurst, Illinois.

## JURISDICTION AND VENUE

7. Super Ego conducts substantial business in this District, including but not limited to overland shipping and transportation logistics services. In connection with this business, Super Ego regularly solicits others to lease or purchase trucks from Super Ego.

8. Jurisdiction in this Court is proper under 28 U.S.C. § 1331 because the TCPA claim arises under the laws of the United States.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

10. Super Ego offers shipping and transportation logistics services. As part of this business, Super Ego offers truck leases to prospective drivers, either for a specific leasing term or with lease-to-own provisions.

11. According to public reports, Super Ego has maintained approximately 1,100 owner-operator drivers. Shipping companies like Super Ego have experienced very high turnover rates, ranging as high as 90%. As a result of this high turnover rate, Super Ego has aggressively targeted solicitations at its former drivers.

12. Under an independent contracting agreement with Super Ego, Plaintiff worked as a driver for Super Ego in August and September 2022. Plaintiff terminated this relationship and stopped driving for Super Ego in September 2022. At no point during or after her relationship with Super Ego did Plaintiff consent to text messages from Super Ego.

13. After her relationship with Super Ego ended, Super Ego and/or its agents sent Plaintiff numerous text messages soliciting her to lease or purchase a truck, among other messages. While these text messages originated from myriad telephone numbers, Super Ego consistently identified itself as the sender. When Plaintiff responded by texting that she did not want these messages, Super Ego and/or its agents acknowledged these refusals to consent yet continued sending unwelcome texts through other telephone numbers.

14. On October 11, 2022, using the telephone number 855-917-0236, Super Ego and/or its agents sent Plaintiff two text messages via her personal mobile phone. The first message stated in part,

> Lease to own trucks $0 DOWN! Experienced dispatchers 24/7!
> Apply now … Super Ego Holding

Approximately three hours later, Super Ego and/or its agents sent a second message which stated in part,

> Lease to own trucks $0 DOWN! No forced dispatch, 24/7 available!
> Applying now … call 6305068869 or text Super Ego Holding[.]

Plaintiff responded to the second message by texting "Stop." Super Ego and/or its agents texted back with what appears to be an automated message:

> NETWORK MSG: You replied with the word "stop" which blocks all texts from this number.… Text back "unstop" to receive messages again.

15. On October 17, 2022, using the telephone number 833-536-5877, Super Ego and/or its agents sent Plaintiff a text that stated in part,

> Lease to own trucks $0 DOWN! Experienced dispatchers 24/7! Apply now … call 6305068869 or text here. Super Ego Holding. Reply stop to stop

Using the same number, Super Ego and/or its agents sent similar messages on October 18, 2022 ("Lease to buy new or used trucks $0 down") and October 21, 2022 ("Lease to own trucks $0 down"). Plaintiff texted "Stop" again on October 21 and received the same automated text back from Super Ego.

16. Through the Do Not Call Registry maintained by the Federal Trade Commission, consumers may register their telephone numbers and express their unwillingness to receive unsolicited text messages. In response to the unwelcome text messages she received from Super Ego, Plaintiff registered her mobile telephone number with the Do Not Call registry on October 19, 2022.

17. More than 30 days after Plaintiff registered with the Do Not Call registry, using the number 844-955-2361 on December 22, 2022, Super Ego and/or its agents sent Plaintiff the following text:

> First reason to choose Super Ego Lease-to-Purchase program? We have THE biggest selection of new-used trucks.… call 630-506-8869.

18. Using the number 888-976-3542 on January 12, 2023, Super Ego and/or its agents sent Plaintiff the following text:

> Super Ego Holding: Trucks and trailers with $0 down! No balloon payment at the end of the contract.… call 630-506-8869. Txt STOP to OptOut

4

Plaintiff responded by texting "Stop" back and received the same automated text back from Super Ego.

19. Using the number 630-228-9379, Super Ego and/or its agents sent Plaintiff texts purporting to offer truck leases on January 28, 2023 ("Lease to purchase with $0 down") and February 14, 2023 ("Get your truck or trailer with $0 Down!"). Plaintiff responded to the February 14 message by texting "Stop[.]" Super Ego texted back,

> You are now opted out of SlickText SMS Alerts. No more messages will be sent. Reply HELP for help. Report spam to spam@slicktext.com

20. Using the number 224-276-6794, Super Ego and/or its agents sent a text message to Plaintiff on August 15, 2023 encouraging her to return to work there. Plaintiff responded, "Go to hell and stop texting me. I'm tired of telling you people that.…"

21. Using the number 331-425-7064, Super Ego and/or its agents sent another text to Plaintiff the next day, on August 16, 2023, again encouraging her to return to work there. Plaintiff texted back,

> Johnny, go to hell and stop texting me. I'm tired of telling you people that. I told the last guy YESTERDAY that you people continuing to text me after I've … spent the past YEAR telling your company to STOP texting me is harassment at this point.

To emphasize the point, Plaintiff texted the word "stop" to Super Ego three more times that day.

22. Using the number 331-258-8340 on or around September 9, 2023, Super Ego and/or its agents again sent Plaintiff a text encouraging her to return to work there. Plaintiff responded in part, "Hey whatever this referral message is about, please stop sending it. I didn't sign up or consent to y'all sending me marketing/promotional texts. And if there's a reason y'all think I did, unsubscribe me from it. I do not want to receive any texts like that."

5

23. Using the number 331-208-5268 on September 16, 2023, Super Ego and/or its agents texted Plaintiff the terms of a "Lease purchase offer." The text included another phone number 331-208-5268, and the sender identified herself as "Julia, Super ego Holding." Plaintiff responded by texting back "STOP[.]"

24. Through its name and/or its phone number 630-506-9970, Super Ego consistently identified itself as the source of these text messages.

25. When Plaintiff attempted to block further text messages by texting "Stop," Super Ego's automated systems would acknowledge receipt, yet Super Ego and/or its agents would continue to send texts from other telephone numbers. These communications show that Super Ego's systems for tracking refusals to consent and/or revocations of consent are nonfunctional and recipients were powerless to block or otherwise prevent Super Ego from sending text messages.

26. After her relationship with Super Ego ended, Plaintiff never consented to text messages from Super Ego. Plaintiff instead registered with the Do Not Call registry, indicating her unwillingness to receive telemarketing solicitations from Super Ego. Plaintiff further asserted her refusal to consent in multiple ensuing texts to Super Ego, including messages where she simply texted "Stop."

27. Notwithstanding these plain, ongoing refusals to consent to text messages, Super Ego knowingly and willfully continued sending text messages to Plaintiff.

28. Plaintiff registered with the Do Not Call Registry because she did not want to receive unwelcome and annoying text messages like those she received from Super Ego. Plaintiff was annoyed by the text messages she received from Super Ego. She felt the text messages, particularly after repeated requests to block them, were intrusive and interfered with the use and enjoyment of her telephone.

29. Other former Super Ego drivers have also complained about receiving unwanted text messages from Super Ego. Like Plaintiff, those former drivers also attempted to block Super Ego text messages by responding "Stop," yet Super Ego continued to send unwanted texts from other telephone numbers. These complaints further demonstrate that Super Ego lacked effective systems for tracking whether others had ever consented or revoked consent to text messages. Even after Super Ego became aware of these complaints, it failed to take steps to correct these flawed systems, reinforcing that its violations were knowing and willful.

CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

31. Plaintiff brings this action on behalf of herself and the following classes (the Classes) per Federal Rule of Civil Procedure 23:

> **Do Not Call Registry Class:** All natural persons residing in the United States who (1) registered their telephone number(s) with the Do Not Call Registry; and (2) at least 31 days after Do Not Call registration and in the four years prior to the filing of this Complaint, received two or more text message solicitations from Super Ego within a 12-month period, excluding text messages they received while working for Super Ego as an employee or independent contractor.
>
> **Internal Do Not Call Class:** All natural persons residing in the United States who (1) in the four years prior to the filing of this Complaint, received two or more text message solicitations from Super Ego within a 12-month period, excluding text messages they received while working for Super Ego as an employee or independent contractor; and (2) prior to receiving any such text message solicitations, refused or revoked consent by texting "Stop" or "Quit," in whole or part, in response to a text message from Super Ego.

Plaintiff maintains the right to redefine the Classes as necessary to reflect the developing facts as litigation and discovery progresses.

32. The Class is numerous which makes joinder of individual plaintiffs impractical. The actual number of Class Members is not precisely known, but the Class is likely to consist of at least 40 and possibly hundreds of individuals. Super Ego has information that will allow the number of Class Members to be more precisely determined.

33. This litigation presents several questions of law and fact that are common to both Plaintiff and the Class, and these questions predominate over any questions that may affect individual class members. These questions are, but not limited to the following:

    a. Whether Super Ego sent text messages to persons who had previously registered their telephone numbers with the National Do Not Call Registry;

    b. Whether Super Ego sent text messages to members of the Do Not Call Registry without their consent;

    c. Whether Super Ego sent text messages to members of the Do Not Call Registry after they sent communications revoking their consent;

    d. Whether Super Ego sent text messages to members of the Do Not Call Registry for the purpose of advertising any property, goods, or services;

    e. Whether Super Ego instituted procedures for maintaining a list of persons who request not to receive telemarketing calls;

    f. Whether Super Ego recorded residential telephone subscribers' requests for exclusion from telemarketing calls and honored those requests within a reasonable time from the requests being made;

    g. Whether Super Ego willfully or knowingly maintained text messaging systems that ignored recipients' requests to "Stop" further text messages or otherwise revoke their consent to text messages;

      h.      Whether Super Ego willfully or knowingly violated the TCPA and its regulations;

      i.      Whether Super Ego sent text messages through one or more agents with actual or apparent authority to send text messages on Super Ego's behalf; and

      j.      Whether Super Ego ratified the actions of intermediaries that sent text messages for Super Ego's benefit and knowingly accepted the benefits of those actions.

34. Plaintiff's claims are typical to all Class Members. Through a common course of misconduct, including the failure of Super Ego and/or its agents to maintain effective systems for determining whether Class members consented or revoked their consent to text messages, Plaintiff and Class Members suffered similar types of harm.

35. Plaintiff will fairly and adequately represent and protect the interests of Class Members. Plaintiff retained experienced counsel with the necessary expertise and resources to prosecute this class action litigation. Plaintiff and his counsel do not anticipate circumstances where Plaintiff's interests would conflict with those of Class Members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The value of Class Members' claims is low enough that it is not economical for Class Members to individually litigate their claims. And if Class Members proceed individually, their claim could result in inconsistent judgments that prejudice the rights of other Class Members.

37. Super Ego acted on grounds that generally apply to the Class such that injunctive relief and money damages is appropriate. Such grounds include injunctive relief to prevent Super

Ego from texting members of the Do Not Call Registry who have not consented or revoked their consent to text messages.

COUNT I
VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
(47 U.S.C. § 227, et seq.)
(Individually and on Behalf of the Do Not Call Registry Class)

38. Plaintiff re-alleges all preceding paragraphs of this Complaint and incorporates them here by reference.

39. The TCPA grants a private right of action to a person who receives more than one telephone call within a 12-month period by or on behalf of the same entity in violation of TCPA laws and regulations protecting members of the Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

40. For purposes of the TCPA, "telephone calls" include text messages. *See* Federal Communications Commission, Public Notice, *Text Message Senders Must Comply with the Telephone Consumer Protection Act*, DA 16-1299 (Nov. 18, 2016); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

41. TCPA regulations forbid telephone solicitations to any residential telephone subscriber who registered his or her telephone number on the Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

42. For purposes of the TCPA, "telephone solicitation" is defined as a "call or message for the purpose of encouraging the purchase … [of] property, goods, or services" but excludes a call or message "to any person with that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4).

43. Plaintiff was a residential telephone subscriber with her telephone number registered to the Do Not Call Registry as of October 19, 2022.

44. Within a 12-month period, including but not limited to the period from December 22, 2022 through December 22, 2023, Super Ego and/or entities acting on its behalf sent more than one text message to Plaintiff. The text messages encouraged Plaintiff to purchase Super Ego's goods and services, specifically the lease and/or purchase of trucks from or through Super Ego.

45. Plaintiff did not invite Super Ego to send her text messages or grant Super Ego permission to send her text messages. In addition, Plaintiff unambiguously stated her refusal to consent through text messages to Super Ego on or around October 11, 2022; October 21, 2022; January 12, 2023; February 14, 2023; August 15, 2023; August 16, 2023; and September 16, 2023.

46. A person aggrieved by violations of TCPA laws and regulations protecting members of the Do Not Call Registry may pursue injunctive relief; recover actual monetary loss or up to $500 per each violation, whichever is greater; or both. If violations of TCPA regulations protecting members of the Do Not Call registry are knowing or willful, the damages may be tripled. 47 U.S.C. § 227(c)(5).

47. Because Super Ego never procured Plaintiff's consent to text messages, and because Super Ego and/or entities acting on its behalf disregarded Plaintiff's clear refusals to consent and otherwise maintained ineffective and nonfunctional systems for tracking consent, Super Ego's violations are knowing and willful.

48. Super Ego sent these text messages to Plaintiff through one or more intermediaries acting on its behalf. Such intermediaries may include, but are not limited to, nonparties Slick Innovations LLC; Afendiko Beograd; and their respective subagents. Super Ego is vicariously liable for such intermediaries' actions for one or more of the following reasons:

    a. Through express representations to or implied conduct directed toward intermediaries, Super Ego directed the intermediaries to act on its behalf,

11

       and the intermediaries took actions on Super Ego's behalf and subject to its control, making them agents of Super Ego.

    b.    Through manifestations to Plaintiff and Class Members, including but not limited to those made directly or indirectly through intermediaries regarding its name, phone number, website, and business operations, Class Members reasonably believed the intermediaries were acting on its behalf, making them apparent agents of Super Ego.

    c.    The intermediaries acted for the benefit of Super Ego, which knowingly accepted and did not repudiate the benefits of such actions, making the intermediaries agents of Super Ego through ratification.

49.    Plaintiff and the Do Not Call Registry Class accordingly demand judgment against Super Ego for statutory damages, treble damages, attorney fees and costs, and any other relief provided by law.

COUNT II
VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
(47 U.S.C. § 227, et seq.)
(Individually and on Behalf of the Internal Do Not Call Class)

50.    Plaintiff re-alleges all preceding paragraphs of this Complaint and incorporates them here by reference.

51.    The TCPA grants the Federal Communications Commission authority to issue regulations protecting residential telephone subscribers' right to avoid receiving telephone calls to which they object. *See* 47 U.S.C. § 227(c).

52.    The TCPA grants a private right of action to a person who receives more than one telephone call within a 12-month period by or on behalf of the same entitty in violation of TCPA

laws and regulations protecting telephone subscribers' right to avoid telephone solicitations to which they object. *See* 47 U.S.C. § 227(c)(5).

53. The regulations implementing the TCPA provide that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls …." 47 C.F.R. § 64.1200(d).

54. The regulations further provide that "[i]f the person or entity making a call for telemarketing purposes … receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name … and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes … must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made.…" 47 C.F.R. § 64.1200(d)(3).

55. Within a 12-month period, including but not limited to the period from October 11, 2022 through October 11, 2023, Super Ego and/or entities acting on its behalf sent more than one text message to Plaintiff. The text messages encouraged Plaintiff to purchase Super Ego's goods and services, specifically the lease and/or purchase of trucks from or through Super Ego.

56. Plaintiff did not invite Super Ego to send her text messages or grant Super Ego permission to send her text messages. In addition, Plaintiff unambiguously stated her refusal to consent through text messages to Super Ego on or around October 11, 2022; October 21, 2022; January 12, 2023; February 14, 2023; August 15, 2023; August 16, 2023; and September 16, 2023.

57. Super Ego did not institute procedures for maintaining a list of persons who, like Plaintiff, requested not to receive telemarketing calls. When Plaintiff sent text messages to Super

Ego requesting that she not be sent text messages, Super Ego did not record or honor those requests.

58. A person aggrieved by violations of TCPA laws and regulations protecting residential telephone subscribers' right to avoid receiving telephone solicitations to which they object may pursue injunctive relief; recover actual monetary loss or up to $500 per each violation, whichever is greater; or both. If violations of such regulations are knowing or willful, the damages may be tripled. 47 U.S.C. § 227(c)95).

59. Because Super Ego did not maintain effective procedures to internally record and honor refusals to or revocations of consent, and because Super Ego and/or entities acting on its behalf had notice that its systems for internally recording and honoring refusals or revocations were ineffectual, Super Ego's violations are knowing and willful.

60. Super Ego sent these text messages to Plaintiff through one or more intermediaries acting on its behalf. Such intermediaries may include, but are not limited to, nonparties Slick Innovations LLC; Afendiko Beograd; and their respective subagents. Super Ego is vicariously liable for such intermediaries' actions for one or more of the following reasons:

    a. Through express representations to or implied conduct directed toward intermediaries, Super Ego directed the intermediaries to act on its behalf, and the intermediaries took actions on Super Ego's behalf and subject to its control, making them agents of Super Ego.

    b. Through manifestations to Plaintiff and Class Members, including but not limited to those made directly or indirectly through intermediaries regarding its name, phone number, website, and business operations, Class Members

        reasonably believed the intermediaries were acting on its behalf, making them apparent agents of Super Ego.

    c.    The intermediaries acted for the benefit of Super Ego, which knowingly accepted and did not repudiate the benefits of such actions, making the intermediaries agents of Super Ego through ratification.

61.    Plaintiff and the Internal Do Not Call Class accordingly demand judgment against Super Ego for statutory damages, treble damages, attorney fees and costs, and any other relief provided by law.

## PRAYER FOR RELIEF

Plaintiff Zyereri Jackson prays for relief as follows:

    a.    Class certification under Rule 23 of the Federal Rules of Civil Procedure and appointment of the undersigned counsel as Class Counsel.

    b.    Damages in an amount to be determined at trial, or in the alternative, statutory damages under the TCPA of no less than $500 per violation.

    c.    Treble damages under the TCPA.

    d.    All other damages and relief authorized by statute or law, including but not limited to attorney fees and costs.

    e.    A decree enjoining Defendant from further violations of the TCPA including, but not limited to, violations of TCPA regulations protecting members of the Do Not Call Registry.

    f.    Any other relief this Court deems just and equitable.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

Dated: August 12, 2024.

/s/ **Scott Moriarity**
Shawn J. Wanta
Scott Moriarity
WANTA THOME PLC
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
612-252-3570
sjwanta@wantathome.com
samoriarity@wantathome.com

*ATTORNEYS FOR PLAINTIFF*